Filed 4/8/22  P. v. Burch CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>R.C. DWAIN BURCH III,<br><br>    Defendant and Appellant. | G059965<br><br>(Super. Ct. No. 15CF1159)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Michael A. Leversen, Judge.  Sentence vacated and matter remanded with directions.

Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos and Seth M. Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

\*                          \*                          \*

Defendant is currently serving 24 years to life in prison for attempted murder, aggravated mayhem, domestic battery, and child endangerment and abuse convictions. The trial court imposed an additional 8-year determinate term sentence which it stayed pursuant to Penal Code section 654.[1] Due to two pieces of newly effective legislation — Assembly Bill 518 (2021-2022 Reg. Sess.) and Assembly Bill 124 (2021-2022 Reg. Sess.) — we agree with the parties and defendant's sentence must be vacated and the matter remanded for resentencing to allow the trial court to exercise discretion under the relevant amended sentencing related statutes.

FACTS AND PROCEDURAL BACKGROUND

A jury convicted defendant of attempted murder, aggravated mayhem, domestic battery, three counts of child endangerment and one count of child abuse.[2] It also found true enhancement allegations concerning personal use of a deadly weapon (§ 12022, subd. (b)(1)), and infliction of great bodily injury during domestic violence (*id.*, subd. (e)). Prior to sentencing, the court found true allegations defendant had suffered two prior strikes (§§ 667, subds. (d), (e)(2)(A), 1170.12, subds. (b), (c)(2)(A)) and one prior serious felony conviction (*id.*, subd. (a)(1)) in Nevada. Accordingly, it sentenced defendant to 24 years to life in prison, plus a consecutive determinate term of 13 years.

Defendant appealed and another panel of this court found error regarding defendant's sentence. The unpublished opinion upheld defendant's convictions but concluded there was insufficient evidence to support the trial court's finding that the Nevada priors were valid prior strikes and a prior serious felony conviction. (*People v. Burch* (Aug. 4, 2020, G057270) [nonpub. opn.].) Appellant's sentence was vacated and

---

[1]     All further statutory references are to the Penal Code.
[2]     The facts relating to the underlying crimes are not relevant to the issues raised in this appeal.

the matter was remanded to the trial court for a new hearing concerning the priors and resentencing.

On remand, the prosecution chose not to retry the prior conviction allegations. The trial court sentenced defendant to a total of 12 years in prison on count 1 (attempted murder with great bodily injury and weapon enhancements), plus 12 years to life on count 2 (aggravated mayhem with same enhancements). It imposed an additional total of eight years on count 3 (domestic battery with corporal injury) and related enhancements, but stayed this sentence under section 654. Lastly, the court sentenced defendant to a total of nine years and six months in jail on counts 4 through 6, to run concurrent with the sentence on count 1.

Defendant timely appealed.

DISCUSSION

Defendant's initial briefing on appeal raised one issue: the abstract of judgment is inconsistent with the trial court's sentence concerning count 3 and must be corrected. In supplemental briefing,[3] he raises two more: newly effective amendments to section 654 require a remand to the trial court to allow it to exercise discretion under the amended statute, and newly effective amendments to California's determinate sentencing law (§ 1170, subd. (b)) also necessitates remand so the court may consider certain specified factors prior to sentencing. The Attorney General concedes all issues, and we agree remand is appropriate.

*Section 654 and Assembly Bill 518*

Section 654 precludes imposition of multiple punishments for a single act or indivisible course of conduct. At the time defendant was sentenced, if an act or

---

[3] At defendant's request, we allowed the parties to provide supplemental briefing concerning the impact of newly effective legislation on this appeal.

omission was punishable in different ways by different laws, section 654 required a court to impose the longest possible imprisonment term.  Hence, the trial court imposed the 12 year sentence on count 1 and stayed the eight-year sentence on count 3 under section 654.

Assembly Bill 518 (2021-2022 Reg. Sess.) amended section 654, subdivision (a) to read, in relevant part:  "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision."  (Stats. 2021, ch. 441, § 1.)  Thus, as amended, the sentencing court now has discretion to choose among potential punishments when section 654 applies.

The parties agree, as do we, the legislative changes made by Assembly Bill 518 are retroactive, and they apply to defendant's case because the judgment is not yet final.  (*People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 309; *In re Estrada* (1965) 63 Cal.2d 740, 745 (*Estrada*).)  "In such circumstances, [our Supreme Court has] held that the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.'  [Citations.]"  (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)  There is no clear indication what sentencing decisions the trial court would have made if empowered with the discretion granted by Assembly Bill 518, therefore we must remand the matter to the trial court so it may exercise its newly afforded discretion under amended section 654.

*Section 1170, subdivision (b) and Assembly Bill 124*

At the time of defendant's sentencing, section 1170, subdivision (b) provided the trial court with discretion to choose between the lower, middle, or upper sentencing term.  Specifically, after considering the record in the case, the probation report, other reports, statements in aggravation or mitigation, and any other evidence introduced at the sentencing hearing, the court had the discretion to determine which term

4

"best serve[ed] the interests of justice."  (Former § 1170, subd. (b).)  This changed, however, on January 1, 2022, when Assembly Bill 124 (2021-2022 Reg. Sess.) went into effect.  (Stats. 2021, ch. 695, § 5.)

Assembly Bill 124 added paragraph (6) to subdivision (b) of section 1170. The added provision provides:  "Notwithstanding paragraph (1), and unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] (A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence. [¶] (B) The person is a youth, or was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense. [¶] (C) Prior to the instant offense, or at the time of the commission of the offense, the person is or was a victim of intimate partner violence or human trafficking."  (§ 1170, subd. (b)(6).)

Here, the trial court sentenced defendant to the middle term on various counts and enhancements.   Defendant notes there is some indication in the record he suffered childhood trauma.  The Attorney General concedes remand is required so the trial court may consider whether such information, in addition to any other relevant information, should impact his sentence under amended section 1170, subdivision (b). We concur remand is necessary for this additional reason.

*Abstract of Judgment*

The sole issue raised by defendant in his original briefing on appeal was prefaced on an error in the abstract of judgment.  He contended, and the Attorney General agreed, the abstract incorrectly indicated his sentence as to count 3, including the related enhancements, was stricken by the trial court.  Instead, consistent with the court's oral pronouncement at the sentencing hearing, it should have listed the sentence on count 3 (a

5

total of 8 years, including related enhancements) as being imposed but stayed pursuant to section 654.  Because we are remanding the matter for resentencing due to new legislation, which will include entry of a new abstract of judgment, any error in the prior abstract of judgment is moot.

DISPOSITION

Defendant's sentence is vacated and this matter is remanded for resentencing under § 654 and § 1170(b) consistent with this opinion.  Following resentencing, the trial court shall prepare an amended abstract of judgment reflecting defendant's new sentence and forward a certified copy to the Department of Corrections and Rehabilitation.

MARKS, J.*

WE CONCUR:

O'LEARY, P. J.

BEDSWORTH, J.

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.